UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STARLENE G. TAYLOR, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-613-GSL-JEM |
| RON NEAL, | |
| Defendant. | |

## OPINION AND ORDER

Star Taylor,[1] a prisoner without a lawyer, filed a complaint asking for a court order to be transferred to another prison. ECF 2. Taylor alleges that she is a transgender woman, and at the end of March 2025, two staff members at Indiana State Prison destroyed the female undergarments and makeup that she was allowed to possess and outed her as transgender to other inmates on the range where she was housed. Taylor alleges those staff members told several inmates on the range that she is a "Little Dick Sucking Faggot." ECF 2 at 2. This made her a target to the other inmates.

Taylor filed a tort claim on May 17, 2025, about her damaged property, and she alleges that after submitting this tort claim, she started getting threatened for being a snitch (though she does not say by whom), including threats to set her on fire, beat her up, or stab her. Taylor filed a Request for Protection that same day, May 17, explaining

---

[1] Starlene G. Taylor, IDOC # 883235, is incarcerated under the name Gregory Taylor, Jr., and has filed lawsuits under that name and under Greg Taylor, as well as under both Starlene G. Taylor and Star Taylor. In this opinion, the court uses the name listed on the complaint and the she/her pronouns she uses to describe herself.

the situation. However, on July 1, 2025, the protection request was denied without any explanation.

Taylor alleges that she has heard case managers tell inmates that they "can do whatever [they] want to this little Rat-Bitch." ECF 2 at 3. She additionally asserts that her status as a transgender woman is enough, on its own, to put prison officials on notice of the risk to her safety in general population. She sues Warden Ron Neal in his official capacity for injunctive relief to be transferred to another prison and placed in protection.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. While a failure-to-protect claim is often based on a prison official's failure to take reasonable measures to protect an inmate from a known threat from a specific person, it can also be based on a substantial risk of harm due to the specific characteristics of the victim, such as being transgender. *See Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005). Thus, Taylor's transgender status requires prison officials to take reasonable steps to keep her safe. However, "only deliberate indifference to an inmate's wellbeing is actionable: a prison official is liable for failing to protect an inmate from another prisoner only if the official knows of and disregards an excessive risk to inmate health or safety." *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) (internal quotation marks, brackets, and citations omitted). A prison official can discharge his duty by responding reasonably to a known risk, even if the harm is not averted. *See*

2

*Farmer*, 511 U.S. at 844. In a situation like this, where Taylor has not been harmed but fears future attacks, she may receive injunctive relief upon proof that "a prison official is deliberately exposing an inmate to a dangerous risk." *Turner v. Pollard*, 564 F. App'x 234, 238 (7th Cir. 2014). Taylor has plausibly alleged that prison staff have deliberately exposed her to a dangerous risk by telling others that she is transgender and encouraging other inmates to attack her without consequence.

Taylor does not say what type of housing situation she is in or how easy it would be for other inmates to gain access to her. But giving her the inferences to which she is entitled at this stage, the court will infer that reasonable steps are not being taken to keep her safe. She will be allowed to proceed against the Warden Neal for permanent injunctive relief to be protected from harm to the extent required by the Eighth Amendment, which can include measures other than a prison transfer.

In addition, because of the apparent urgency of the risk to Taylor, the court will construe the complaint to include a motion for a preliminary injunction and order a response from the Warden. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Warden Neal has both the authority and the responsibility to ensure that Taylor is protected from harm as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Warden Neal will be required to respond to the preliminary injunction motion.

In addition, Taylor did not pay the filing fee or file an in forma pauperis motion. This case will be dismissed if she doesn't resolve her filing fee status either by paying the filing fee or filing an in forma pauperis motion with a copy of her inmate trust fund ledger detailing her transactions for the past six months.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the complaint (ECF 2) as a motion for a preliminary injunction;

(2) GRANTS Star Taylor leave to proceed against Warden Ron Neal in his official capacity to obtain permanent injunctive relief to be protected from harm from inmates as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) DIRECTS the clerk to fax or email a copy of the same documents to Warden Ron Neal at the Indiana State Prison;

(6) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those deliveries;

(7) ORDERS Warden Ron Neal to file and serve a response to the preliminary injunction, as soon as possible but not later than **August 8, 2025** (with supporting documentation and declarations from other staff as necessary) describing/explaining how Star Taylor, IDOC # 883235, is being protected from harm by other inmates to the extent required by the Eighth Amendment, with Taylor's reply due **August 22, 2025**;

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(9) ORDERS Star Taylor to resolve her filing fee status as described in this order by **August 8, 2025**, or this lawsuit will be dismissed without further notice.

SO ORDERED on July 18, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT